UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIC TAMPONE, MERCHANT
ASSURE LLC, and INTERNATIONAL
COMMERCE SOLUTIONS, INC.,

        Plaintiffs,

v.

GREGORY RICHMOND, ANDREW
J. BRODER, MERCHANT ASSURE
SPECIALTY PRODUCTS LLC, RGS
CONSULTING LLC, f/k/a MERCHANT
ASSURE INSURANCE AGENCY LLC,
ROYAL GROUP SERVICES LLC, and
RGS LIMITED LLC,
d/b/a ROYAL GROUP SERVICES LTD.

        Defendants.
_____/

Case No. 10-11776
Honorable Patrick J. Duggan

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF DIVERSITY JURISDICTION

Plaintiffs initiated this action against Defendants on April 30, 2010, asserting numerous claims related to a limited liability company, Plaintiff Merchant Assure LLC ("Merchant Assure"). In their complaint, Plaintiffs allege that this Court has subject matter jurisdiction based on the parties' diversity pursuant to 28 U.S.C. § 1332. Presently before the Court is a motion to dismiss for lack of diversity jurisdiction by Defendants Gregory Richmond ("Richmond") and his limited liability companies Defendants Merchant Assure Specialty Products LLC, RGS Consulting LLC, Royal Group Services LLC, and RGS Limited LLC (collectively "Richmond LLCs").

Richmond and the Richmond LLCs (collectively "Richmond Defendants") filed their motion to dismiss on June 11, 2010, and Defendant Andrew J. Broder subsequently joined in the motion. On July 2, 2010, Plaintiffs filed a brief in response to the motion. The Richmond Defendants filed a reply brief on July 14, 2010; Plaintiffs filed a sur-reply brief two days later. On July 26, 2010, this Court held a motion hearing.

For the reasons that follow, the Court concludes that diversity jurisdiction does not exist with Merchant Assure included as a plaintiff. The Court further concludes, however, that Merchant Assure is a dispensable party to this action and therefore can be dismissed as a party to preserve this Court's jurisdiction over the complaint, as Plaintiffs seek permission to do in response to the motion. Thus, the Court denies the Richmond Defendants' motion to dismiss for lack of diversity jurisdiction.

## I. Standard for Motion to Dismiss

Although not cited in the motion, a motion to dismiss for lack of subject matter jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(1). Such motions fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). As the Sixth Circuit described these two categories of motions:

> A *facial* attack is a challenge to the sufficiency of the pleading itself. On such motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party . . . A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as

2

to the existence of its power to hear the case.

*Id.* (internal citations omitted) (emphasis in original). It is the plaintiff's burden to demonstrate that the court has jurisdiction over the subject matter. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F3.d 1125, 1134 (6th Cir. 1986) (citation omitted). Defendants are raising a factual attack to this Court's jurisdiction.

## II. Factual and Procedural Background

Richmond and Plaintiff Dominic Tampone ("Tampone") are equal (50-50) members of Merchant Assure, which was formed in August 2005 "to operate, for profit, a specialized business providing extensive and varied services and products for financial institutions, banks, card associations, merchants, card issuing companies, and other entities." (Compl. ¶¶ 16, 17, 19.) These services include the obtaining of insurance coverage against the risk of specified "chargebacks" and providing technical support related to the identification and monitoring of such risks. (*Id.* ¶ 20.) Plaintiff International Commerce Solutions, Inc. ("ICS"), a Nevada corporation owned by Tampone, provided technical and financial analysis services to Merchant Assure. (*Id.* ¶¶ 3, 26.)

Tampone is a citizen of New York. (*Id.* ¶ 1.) Richmond is a citizen of Michigan. (*Id.* ¶ 4.) The remaining defendants also are citizens of Michigan. (Mot. Ex. A ¶¶ 5-8.) Broder is a citizen of Michigan and a licensed attorney in the state who has represented himself as being counsel for Broder and Merchant Assure. (Compl. ¶ 6.) The members of the Richmond LLCs are Michigan citizens. (*Id.* ¶¶ 7-10; Mot. ¶ 2.) Richmond is the

sole member of the Richmond LLCs, except RGS Limited LLC which has two other members. (Mot. Ex. A ¶¶ 5-8.) The two additional members are Michigan citizens. (*Id*. ¶ 8.)

In 2008, Broder sent a letter to Tampone, informing Tampone that the dissolution of Merchant Assure was necessary due to a "deadlock" or other dispute between Tampone and Richmond. (Compl. ¶ 35, Ex. 1.) Broder further informed Tampone that Richmond had taken control of Merchant Assure's funds. (*Id*.) Plaintiffs allege that Richmond usurped Merchant Assure's assets, including its only client, for the Richmond LLCs. (*Id*. ¶ 42.)

Merchant Assure stopped making member distributions to Tampone and payments to ICS on May 9, 2008. (*Id*. ¶¶ 45, 46.) Plaintiffs allege that, several months later, Merchant Assure ceased active operations. (*Id*. ¶ 47.) Tampone claims that he requested, but has not received, an accounting of and documentation regarding the assets of Merchant Assure which are in Richmond's and/or Broder's control. (*Id*. ¶¶ 49, 50.)

Whether or not Merchant Assure still performs any services, it may be engaged currently in a multi-million dollar dispute involving Merrick Bank and General Fidelity Insurance Company ("GFIC"). (Mot. Ex. A ¶ 3.) Merchant Assure also is preparing and will file federal tax returns for 2009 and 2010. (*Id*.)

In their complaint, Plaintiffs allege the following claims:

(I) Request for court-ordered dissolution, accounting, recovery of assets, and appointment of receiver against Richmond and Broder with respect to Merchant Assure;

(II) Request for court-ordered accounting, recovery of assets, and appointment of receiver against all defendants based on Richmond's and/or Broder's alleged transfer of Merchant Assure's assets to the Richmond LLCs;

(III) Breach of fiduciary duties owed to Merchant Assure against Richmond;

(IV) Breach of fiduciary duties owed to Tampone against Richmond;

(V) Breach of fiduciary duties owed to Merchant Assure against Broder;

(VI) Conversion of Merchant Assure's assets against Richmond;

(VII) Conversion of Merchant Assure's and ICS's assets (including trade secrets, confidential business information, and proprietary processes and procedures) against Richmond;

(VIII) Statutory conversion of Plaintiffs' assets against the Richmond LLCs;

(IX) Misappropriation of ICS' and Merchant Assure's trade secrets against the Richmond Defendants;

(X) Fraudulent transfer of assets and property belonging to Plaintiffs or in which Plaintiffs had an interest against Defendants;

(XI) Unauthorized merger caused by Richmond's transfer of Merchant Assure's assets to the Richmond LLCs;

(XII) Breach of the limited liability company agreement between Tampone and Richmond by Richmond;

(XIII) Fraud based on allegedly false statements by Richmond to Merchant Assure's bank, Comerica, which resulted in Comerica allowing Richmond to close Merchant Assure's bank account and transfer the funds in the account to a new account to which Richmond but not Tampone had access;

(XIV) Declaratory judgment prohibiting Richmond from taking certain

actions with respect to Merchant Assure and declaring Tampone's and Merchant Assure's rights with respect to the assets of Merchant Assure and the handling of those assets.

### III. Applicable Law and Analysis

Federal district courts have jurisdiction over an action if there is complete diversity of citizenship between all plaintiffs and all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where a partnership is a party to the litigation, diversity of citizenship depends upon the citizenship of each individual partner. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S. Ct. 1015, 1021 (1990); *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005). Merchant Assure therefore is a citizen of New York (where Tampone is a citizen) and Michigan (where Richmond is a citizen). Diversity jurisdiction, therefore, appears to be lacking.

"Early in its history," however, the Supreme Court held "that the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460, 100 S. Ct. 1779, 1781-82 (1980) (citing *McNutt v. Bland*, 2 How. 9, 15, 11 L.Ed. 159 (1844)). The Court therefore instructed federal courts to "disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Id.* at 461, 100 S. Ct. at 1782 (citations omitted). "'The real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law.'" *Maiden v. N.A. Stainless, L.P.*, 125 F. App'x 1, 3 (6th Cir. 2004) (unpublished) (citing *Certain Interested Underwriters at Lloyd's of London v. Layne*, 26 F.3d 39, 42, 43 (6th Cir. 1994)). In contrast, a formal or

6

nominal party "'is one who has no interest in the result of the suit and need not have been made a party thereto.'" *Id*. (quoting *Grant County Deposit Bank v. McCampbell*, 194 F.2d 469, 472 (6th Cir. 1952)).

Plaintiffs argue that Merchant Assure is a nominal party to this litigation, included for formality purposes only. According to Plaintiffs, Merchant Assure is a "defunct entity" whose "only role in this litigation is to serve as a temporary conduit for assets wrongfully taken and utilized by Defendant Richmond to be transferred to Plaintiff Tampone." (Resp. Br. at 3, 12.) Plaintiffs rely on the following three cases to argue that such entities are recognized as nominal parties whose citizenship is irrelevant with respect to diversity: *Wolff v. Wolff*, 768 F.2d 642 (5th Cir. 1985); *Roskind v. Emigh*, 2:05-XV-0825, 2007 U.S. Dist. LEXIS 25972 (D. Nev. April 2, 2007) (unpublished); *Polak v. Kobayaski*, No. 05-330, 2005 U.S. Dist. LEXIS 17480 (D. Del. Aug. 22, 2005) (unpublished). The Court finds the present matter distinguishable from these cases.

In *Wolff*, a suit between two brothers who were the sole members of a partnership, one of the brothers, Richard, sought relief in the form of an accounting and declaration that he owned a fifty percent interest in certain real estate to which the other brother, Carl, held title. 768 F.2d at 644. Richard alleged that the partnership had been dissolved, although the Fifth Circuit indicated that it was unclear whether it was dissolved before the suit was filed or thereafter as a result of the judgment. *Id*. at 646. Finding that "transfer of title [of the real estate] to the partnership would have been a formal and doubtless unnecessary act" and that Richard sought in his complaint to have his and not the

7

partnership's interest in the property adjudged, the Fifth Circuit found that the partnership was a nominal party. *Id*.

The Nevada court in *Roskind* concluded that the limited liability company named as a defendant was a nominal party because the real dispute was between the sole members of the company over the dissolution and distribution of the company's assets. 2007 U.S. Dist. LEXIS 25972, at *7. "'We will ignore the citizenship of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.'" *Id*. (quoting *Prudential Real Estate Affiliates v. PPR Realty*, 204 F.3d 867, 873 (9th Cir. 2003)).

In *Polak*, the district court concluded that the limited liability company was a nominal party because it found the primary issue in the lawsuit to be whether the company should be dissolved and that the company's interests with respect to that issue were not distinct from that of its members who were parties to the action. 2005 U.S. Dist. Lexis 17480, at **5-6. Later in the proceedings, however, the district court found that the plaintiff's claims of breach of fiduciary duty, declaratory judgment, and unjust enrichment were in part derivative claims and thus the limited liability company was a real party in interest. *Polak*, 05-330-SLR, 2008 U.S. Dist. LEXIS 92254, at **23-25 (D. Del. Nov. 13, 2008) (unpublished opinion) (citing *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S. Ct. 733 (1970) (holding that a corporation is the real party in interest in a stockholder's derivative action)).

Unlike *Wolff*, Merchant Assure has not been dissolved and apparently has some

8

existing obligations. At least two federal courts have found no authority for "holding that a [limited liability corporation] which a plaintiff seeks to put into receivership, dissolve, and enjoin from engaging in any business activity is merely a nominal party." *Skaaning v. Sorensen*, No. 09-00364, 2009 WL 3763056, at *7 (D. Haw. Nov. 10, 2009) (quoting *Masters v. Harkleroad*, 303 F. App'x 859, 861 (11th Cir. 2008)). Further, Plaintiffs are not simply seeking to convey assets from Defendants to Tampone and ICS– as was the case in *Wolff* and *Roskind*– and Merchant Assure's involvement is not purely ministerial.

In their complaint, Plaintiffs allege that certain assets held by the Richmond Defendants belong to Merchant Assure. Plaintiffs also identify interests of Merchant Assure separate from its members in that they allege wrongful conduct by Defendants directed at Merchant Assure, specifically. In short, the complaint clearly states derivative claims brought on behalf of Merchant Assure.[1] As the Delaware District Court indicated in its second subject matter jurisdiction opinion in *Polak*, an entity on whose behalf a derivative action is brought is not a nominal party. *Polak*, 2008 U.S. Dist. LEXIS 92254, at **23-25; *see also Mallia v. Painewebber Inc.*, 889 F. Supp. 277 (S.D. Tex. 1995) (explaining that the determination of whether a partnership is a nominal party depends on whether the suit involves a direct or derivative action).

The Court therefore finds that Merchant Assure "'. . . is the person who is entitled

---

[1] "'The distinction between derivative and individual actions rests upon the party being *directly* injured by the alleged wrongdoing.'" *Litman v. Prudential-Bache Properties, Inc.*, 611 A.2d 12, 15 (Del. Ch. 1992) (quoting *Kramer v. W. Pac. Indus., Inc.*, 546 A.2d 348, 351 (Del. 1988)).

to enforce the right[s] asserted under the governing substantive law'" that Plaintiffs allege Defendants violated. *Maiden, supra.* Thus Merchant Assure is not a nominal or formal party and its citizenship must be considered in determining whether diversity jurisdiction exists. However in that event, Plaintiffs indicate in their response brief that they are "request[ing] leave to amend their [c]omplaint to sever Merchant Assure" as a party pursuant to Federal Rule of Civil Procedure 21.[2] (Resp. Br. at 12.)

The Sixth Circuit has held that "a party may not create diversity by dropping a nondiverse and *indispensable* party," but "it is appropriate to drop a nondiverse and *dispensable* party from litigation in order to achieve diversity." *Soberay Mach. and Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999) (citations omitted). As the appellate court previously stated:

> Rule 21 of the Federal Rules of Civil Procedure permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19, that is, the party to be dropped must not be a necessary party. It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.

---

[2] A plaintiff seeks leave to amend its complaint pursuant to Federal Rule of Civil Procedure 15, not Rule 21. It makes no difference, however, whether Plaintiffs are granted leave to drop Merchant Assure as a plaintiff pursuant to Rule 15 or Rule 21 in order to retain federal diversity jurisdiction over their complaint. *See Soberay Machine & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999). Rule 15 requires a court to grant a party leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, *on just terms*, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added).

*Id.* (quoting *Safeco Ins. Co. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994)). Resolution of the motion to dismiss thus turns on whether Merchant Assure is a dispensable party to this lawsuit.

As suggested in the above quotation, Rule 19 governs whether Merchant Assure is a dispensable party to this litigation. The rule provides a two-step process for making this determination. At the first step, set forth in subsection (a) of the rule, the court must decide whether Merchant Assure is a "required party." Fed. R. Civ. P. 19(a). A person is a "required party" if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If *any* of the above criteria are satisfied, the person must be joined if feasible.

Feasibility turns on whether the court may exercise personal jurisdiction over the party, whether joinder of the person will destroy subject matter jurisdiction, or whether venue as to the person is proper. If joinder is not feasible, the court must proceed to the second step of the analysis and "determine whether, in equity and good conscience, the

action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Rule 19(b) provides four factors a court must consider to determine whether a required party whose joinder is not feasible is not indispensable, thus requiring the dismissal of the action:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b). "The Rule 19(b) inquiry is guided by pragmatic considerations, rather than technical or formalistic legal distinctions." *Hooper v. Wolfe*, 396 F.3d 744, 749 (6th Cir. 2005) (citing *HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1191 (3d Cir. 1996) and Fed. R. Civ. P. 19 Advisory Committee Notes (1966 Am.)). Applying these factors, this Court finds that, even if Merchant Assure is a party that should be joined if feasible, this action can proceed "in equity and good conscience" in its absence. The Court therefore will not address whether Merchant Assure is a required party under the first step of the analysis.

The only Rule 19(b) factor that favors dismissal is the availability of an adequate remedy for Plaintiffs if the Court grants the Richmond Defendants' motion to dismiss– i.e., they can file their complaint in state court. The remaining factors favor proceeding without Merchant Assure. First, Merchant Assure would not suffer prejudice if judgment was rendered in its absence.

The Richmond Defendants argue that Merchant Assure's interests cannot be litigated in its absence because Plaintiffs have brought a number of derivative claims on Merchant Assure's behalf and case law establishes that the entity on behalf of which a derivative claim is brought always is an indispensable party. (Reply at 5 (citing *Bankston v. Burch*, 27 F.3d 164 (5th Cir. 1994) and *Moore v. Simon Enterprises, Inc.*, 919 F. Supp. 1007 (N.D. Tex. 1995).) However other case law, including the Sixth Circuit's decision in *Hooper*, suggests that this action can proceed without Merchant Assure because its interests are adequately represented by its two members– Tampone and Richmond– who are both parties to the action.³ *See Hooper*, 396 F.3d at 749 (citing *Glancy v. Taubman*

---

³Moreover, as the Fifth Circuit reasoned in *Bankston* in finding that a limited partnership must be named in a derivative action,

> Limited partners have less management responsibility for the partnership than its general partners. With that reduced responsibility and exposure to liability come reduced individual rights. "It is well settled . . . that the only direct lawsuit against general partners that a limited partner can bring in an individual, non-representative capacity consists of an action for an accounting."

27 F.3d at 167 (quoting *Lenz v. Assoc. Inns & Restr. Co. of Am.*, 833 F. Supp. 362, 379 (S.D.N.Y. 1993)). In comparison to limited partners, general partners in Delaware and

13

*Ctrs., Inc.*, 373 F.3d 656, 672 (6th Cir. 2004) ("When assessing prejudice, the court must consider whether the interests of an absent party are adequately represented by those already a party to the litigation")).

In concluding that the partnership at issue in the case before it was a dispensable party, the *Hooper* court relied on the following reasoning from the Third Circuit:

> Even though the Partnership has its own interests, it is an artificial entity: its interests must ultimately derive from the interests of the human beings that are its members . . . Following Rule 19's pragmatic approach, we are guided

---

Michigan have the power to sue directly on behalf of a partnership on the partnership's claims. *See HB Gen. Corp.*, 95 F.3d at 1194 (citation omitted); Mich. Comp. Laws § 600.2051(2). Pursuant to Federal Rule of Civil Procedure 17, capacity to sue for all other parties except individuals or corporations is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). The Third Circuit emphasized in *HB General Corporation* that "[t]he power to sue 'on behalf' of a partnership does not mean that the partnership itself must be named as a party." 95 F.3d at 1194.

Moreover, at least one Circuit Court has recharacterized a derivative claim as a class action claim under Federal Rule of Civil Procedure 23.2 to avoid the destruction of diversity caused by the inclusion of a limited partnership in the litigation. *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81 (2d Cir. 1990). Pursuant to Rule 23.2, members of an unincorporated association may bring an action as representative parties if they "will fairly and adequately protect the interests of the association and its members." Fed. R. Civ. P. 23.2. A limited liability corporation is an unincorporated association under Michigan law and has been defined as such by a number of courts. Mich. Comp. Laws § 450.4102(*l*); *see, e.g., Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citing cases). All members of Merchant Assure are involved in this litigation, leading this Court to conclude (as discussed in *infra* in the text) that its interests will fairly and adequately be protected.

In any event, as the Third Circuit also reasoned in *HB General Corporation*, whether the plaintiffs are suing derivatively, directly on behalf of the partnership, or directly as individuals is not relevant with respect to the Rule 19 analysis. 95 F.3d at 1195. "As far as Rule 19 is concerned, state law is relevant only in determining the interests of those affected by the litigation . . . Once these interests are determined, federal law governs the balancing of interests in determining dispensability." *Id*. (citations omitted).

14

> by common sense. A partnership's interests as an entity consist of an aggregation of those interests of each of the individual partners that are relevant to the purpose of the partnership. Thus, at least in certain cases, it is possible that a partnership's interests can be effectively represented in litigation by participation of its partners."

*Id*. at 749-50 (quoting *HB Gen. Corp.*, 95 F.3d at 1193). The *Hooper* court relied on the same reasoning to also conclude that any prejudice caused by the partnership's absence could be lessened or avoided through protective provisions in a judgment:

> Here, the general partner, PPM, Inc., the only party authorized to act on behalf of the partnership; its human master, Mr. Wolfe; and the antagonistic limited partner, Mr. Hooper, are before the court and may be bound by a judgment. "The Partnership, like a marionette, cannot make a move unless some human being pulls the strings."

*Id*. at 750 (quoting *HB Gen. Corp.*, 95 F3d at 1191).

The only prejudice to Defendants that this Court can foresee from Merchant Assure's absence from this litigation is the inability to order Merchant Assure to take certain action necessary to accord the prevailing party relief and/or the risk that Merchant Assure may later attempt to bring a separate action against Defendants. However as the *Hooper* court's reasoning suggests, such prejudice can be avoided by fashioning a judgment requiring Merchant Assure's members to cause Merchant Assure to act as needed to provide the prevailing party complete relief and enjoining Merchant Assure's members from causing Merchant Assure to bring any future claims against Defendants. To further avoid the possibility of a subsequent suit against Defendants, as the Third Circuit suggested in *HB General Corporation*, the court also can require Tampone and Richmond to cause Merchant Assure to release its claim against them as a condition of

15

judgment. 95 F.3d at 1191-92.

The same reasoning also leads this Court to find that a judgment rendered in Merchant Assure's absence would be adequate.

At the conclusion of their response brief, the Richmond Defendants indicate that Merchant Assure has a number of counter-claims against Tampone and ICS which have been asserted in a case pending in the Circuit Court for Oakland County, Michigan, that they claim would have to be brought in this litigation if their motion to dismiss is denied. (Reply at 5.) The Richmond Defendants, however, fail to elaborate on how this impacts the Court's jurisdiction or is otherwise relevant to whether Plaintiffs can drop Merchant Assure as a plaintiff with respect to the complaint.

## IV. Conclusion

In summary, this Court finds that Merchant Assure is not a nominal or formal party to this action and thus its citizenship must be considered in determining whether diversity jurisdiction exists. Nevertheless, as Plaintiffs request, Merchant Assure can be dropped as a party pursuant to Federal Rule of Civil Procedure 21. Even if Merchant Assure is a "required party" whose joinder is not feasible, the Court concludes that this action can proceed in "equity and good conscience" in its absence. Without Merchant Assure, this Court possesses diversity jurisdiction over this matter.

Accordingly,

**IT IS ORDERED**, that the Richmond Defendants' motion to dismiss for lack of diversity jurisdiction is **DENIED**.

s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

DATE: August 5, 2010
Copies to:
Allen M. Wolf, Esq.
Dana L. Ramsay, Esq.
Jason Conti, Esq.