IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DOMINIC TAMPONE**, a New York resident,
and **INTERNATIONAL COMMERCE
SOLUTIONS, INC.**, a Nevada corporation,

      Plaintiffs/Counter-Defendants,

v.

**GREGORY RICHMOND**, a Michigan resident,

      Defendant/Counter-Plaintiff,

**ANDREW J. BRODER**, a Michigan resident,
**MERCHANT ASSURE SPECIALTY PRODUCTS, LLC**,
a Michigan limited liability company,
**RGS CONSULTING, LLC**, f/k/a **MERCHANT
ASSURE INSURANCE AGENCY, LLC**, a Michigan
limited liability company, **ROYAL GROUP SERVICES, LLC**,
a Michigan limited liability company, and **RGS LIMITED, LLC**,
d/b/a **ROYAL GROUP SERVICES, LTD**,
a Michigan limited liability company,

      Defendants.

Civil Action No. 10-cv-11776
Hon. Patrick J. Duggan
MJ: Virginia M. Morgan

## STIPULATION AND PROTECTIVE ORDER

**WHEREAS** Defendants Gregory Richmond, Andrew Broder, Merchant Assure Specialty Products, RGS Consulting, Royal Group Services, and/or RGS Limited (collectively "Defendants") have sought in discovery from Plaintiffs/Counter-Defendants Dominic Tampone and International Commerce Solutions (collectively "Plaintiffs") copies of: (1) certain computer software and (2) certain technical reporting data, collectively referred to herein as the "Confidential Information";

**WHEREAS** Plaintiffs having alleged that the Confidential Information constitutes proprietary and confidential trade secrets of Plaintiffs; and, therefore, Plaintiffs have demanded that Defendants agree to the entry of a protective order before Plaintiffs will produce the Confidential Information to Defendants;

**WHEREAS** Defendants, in the interest of judicial economy and for the purposes of expediting discovery and accommodating Plaintiffs, having agreed to this Stipulation and the entry of the Protective Order;

**WHEREAS** the Parties having agreed that this *Stipulation And Protective Order* (the "Order") (i) does not constitute a ruling by the Court and/or an admission by Defendants that the Confidential Information is, in fact, proprietary and/or constitutes a trade secret, and (ii) shall not be construed as a waiver by Defendants of their right to later challenge in this litigation whether the Confidential Information constitutes a proprietary trade secret; and does not constitute a waiver or admission by Plaintiffs that other information, documents or materials likewise constitute trade secrets, confidential, and/or proprietary information; and

**WHEREAS** the Court being advised of the matter.

**IT IS HEREBY ORDERED THAT**:

1. Plaintiffs shall produce to Defendants the Confidential Information within 7 days of the entry of this Order.

2. Defendants will not disclose the Confidential Information to any person or entity other than the following Qualified Persons:

    A. Defendants' attorneys of record, whose names appear in pleadings filed in this litigation;

B. The named Defendant parties, and, with respect to the Defendant Limited Liability Companies, such officers, agents and/or employees of the Defendant Limited Liability Companies as deemed necessary by counsel in the defense or prosecution of this litigation;

C. Legal assistants or clerical persons directly employed by and assisting an attorney of record as described in subparagraph (2)(A) above;

D. The stenographic and/or video reporter taking testimony in connection with this litigation;

E. Outside expert consultants or experts who may testify at trial for Defendants, subject to the provisions of paragraph 4;

F. Any judicial person involved in this action and any member of his or her staff; and

G. A mediator assigned to this case or any other Person the Parties agree to use in an effort to resolve this case.

3. Defendants, their attorneys, and their experts (including testifying experts and consulting experts) shall only use the Confidential Information for purposes of prosecuting and/or defending against this litigation and the Confidential Information shall not be used for any business, competitive or commercial purpose, or any other purposes by or on behalf of any party or other person to whom it is disclosed.

4. Defendants shall be permitted to disclose the Confidential Information to Qualified Persons. Confidential Information will be disclosed to Defendants' experts (including testifying and consulting experts) and Defendants' attorneys' staff members only if the expert and relevant Defendants' attorney staff members are advised of the terms of this Order and execute an Agreement to Comply with this Order in the form attached as Exhibit A. The original of such

executed agreement shall be maintained by counsel of record for the party disclosing the Confidential Information to the expert or the attorneys' staff.

5. Defendants, their attorneys, and their experts who receive a copy of the Confidential Information shall be required to keep such information separate and inaccessible to any persons except those authorized to review the Confidential Information as set forth herein.

6. The Confidential Information shall not be filed with the Court except where required in connection with any motion, hearing, conference, or trial pending before the Court in this matter. The Confidential Information shall be filed under seal or reviewed *in camera* or in accordance with the Court's own procedure or local rule. The Confidential Information filed with the Court must be submitted in a sealed envelope or other such container clearly marked "Confidential" and stating substantially as follows:

> *"This envelope contains documents which are filed in this case by [name of party] and which are confidential pursuant to the Protective Order entered in this case. This envelope is to remain under seal and its contents disclosed only to the Court and those persons authorized to view its contents under the terms of the Protective Order."*

The filing of the Confidential Information under seal pursuant to the provisions of this Order shall not prevent the use, in open court, at any motion hearing, conference or trial of this case, of the Confidential Information in accordance with the Court's own procedure or local rule.

7. This Order may be amended by the written agreement of counsel for the Parties in the form of a stipulated order, provided that it meets with the Court's approval.

8. Within thirty (30) days after the conclusion of this litigation, including the exhaustion of all appeals, the Confidential Information and all summaries, lists, indices or compilations derived from or related to the Confidential Information, shall be destroyed or returned to Plaintiffs' attorney. This Order shall continue to be binding after the conclusion of this litigation,

except that a Party may seek the permission of Plaintiffs or may seek a further order of the Court with respect to the dissolution or modification of this Order, but shall be bound by this Order unless and until such permission or further order is obtained, and shall then only be released to the extent of such permission or further order.  This provision shall not apply to copies of pleadings, summaries or briefs maintained by the Parties' attorneys in their respective litigation files maintained in the ordinary course of business.

9. The entry of this Order has no effect upon, and its scope shall not extend to Plaintiffs' use of the Confidential Information in their businesses.

10. The entry of this Order shall not prevent Plaintiffs from otherwise objecting to the disclosure of the Confidential Information to Defendants.

11. Neither the entry of this Order, nor anything in this Order, shall constitute an admission, agreement, finding or ruling that the Confidential Information is or is not subject to discovery, or is or is not admissible as evidence in this case, or is or is not confidential, proprietary and/or a trade secret.  Neither the entry of this Order, nor anything in this Order shall diminish, eliminate, or otherwise affect any claim or position that any Party may assert, or has asserted, in this case.  The designation of the Confidential Information in this Order as confidential shall have no meaning or effect whatsoever with respect to the substantive issues in this litigation and with respect to the claims or defenses of any Party hereto, and shall not be construed as an admission or agreement that the Confidential Information or any other information or materials are or are not confidential, proprietary and/or or a trade secret.

12. This stipulation shall be binding on the Parties hereto, pending submission to and action hereon by the Court; the decision of the Court with respect to the Parties' application to

have this stipulation "so ordered," and the order actually entered by the Court on such application, shall supersede this stipulation and the terms hereof.

13. Nothing contained in this Order shall preclude or prevent a party from seeking a greater or lesser degree of protection for the Confidential Information either by stipulation or by court order.

**IT IS SO ORDERED**.

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: February 16, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 16, 2011, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager

THE PARTIES STIPULATE TO THE ENTRY OF THIS PROTECTIVE ORDER

/S/ Jason Conti
Jason Conti (55617)
Attorneys for Defendants Richmond,
 Merchant Assure Specialty,
 RGS, Royal Group, and RGS Limited

/S/ Theresa M. Asoklis
Theresa Asoklis (P42709)
Attorneys for Defendant Broder

/S/ Allen M. Wolf
Allen M. Wolf (P31759)
Attorneys for Plaintiffs Tampone and ICS

# EXHIBIT A

**EXHIBIT A**

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER**

I hereby acknowledge that I have read the foregoing Stipulated Protective Order, that I am to become a "Qualified Person" within the terms of that Order, and that I understand the terms thereof and agree to be bound by such Stipulated Protective Order. Without limiting the foregoing, I agree not to disclose to any other Person or entity the contents or substance of any "Confidential Information" shown or disclosed to me pursuant to the Stipulated Protective Order, except as allowed by the Stipulated Protective Order.

I hereby acknowledge that, by affixing my signature thereto, I have consented to the personal jurisdiction in any state or federal court located in the State of Michigan.

I hereby acknowledge that I will use this Confidential Information only in connection with this litigation and not for any other purpose.

_____  _____
Date                              Print Name

                                  _____
                                  Signature