## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DOMINIC TAMPONE, and
INTERNATIONAL COMMERCE
SOLUTIONS, INC.,

        Plaintiffs/Counter-Defendants,

v.                                  Case No. 10-11776
                                     Honorable Patrick J. Duggan

GREGORY RICHMOND,

        Defendant/Counter-Plaintiff,

ANDREW J. BRODER, MERCHANT ASSURE
SPECIALTY PRODUCTS LLC, RGS
CONSULTING LLC, f/k/a MERCHANT
ASSURE INSURANCE AGENCY, LLC,
ROYAL GROUP SERVICES, LLC, and
RGS LIMITED LLC, d/b/a ROYAL GROUP
SERVICES LTD,

        Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO AMEND FIRST AMENDED COMPLAINT

Plaintiffs initiated this action against Defendants on April 30, 2010, asserting numerous claims related to a limited liability company, Plaintiff Merchant Assure LLC ("Merchant Assure"). On August 17, 2010, Plaintiffs filed an amended complaint in which they allege fourteen counts against Defendant Gregory Richmond ("Richmond") and/or Defendant Andrew J. Broder ("Broder") or the remaining defendants which are entities associated with Richmond ("Richmond entities"). Richmond filed a counter-

complaint against Plaintiffs on August 31, 2010.  Presently before the Court is Plaintiffs'

motion to amend their first amended complaint, filed pursuant to Federal Rule of Civil

Procedure 15(a) on March 15, 2011.  Broder filed a response to the motion on March 29,

2011; on the same date, Richmond and the Richmond entities also filed a response to the

motion.  On April 20, 2011, this Court issued a notice informing the parties that it is

dispensing with oral argument with respect to Plaintiffs' motion pursuant to Eastern

District of Michigan Local Rule 7.1(f).

## II.     Factual and Procedural Background

Richmond and Plaintiff Dominic Tampone ("Tampone") are equal (50-50)

members of Merchant Assure, which was formed in August 2005 "to operate, for profit, a

specialized business providing extensive and varied services and products for financial

institutions, banks, card associations, merchants, card issuing companies, and other

entities."  (Am. Compl. ¶¶ 16, 17, 19.)  These services include the obtaining of insurance

coverage against the risk of specified "chargebacks" and providing technical support

related to the identification and monitoring of such risks.  (*Id*. ¶ 20.)  Plaintiff

International Commerce Solutions, Inc. ("ICS"), a Nevada corporation owned by

Tampone, provided technical and financial analysis services to Merchant Assure.  (*Id*.

¶¶ 3, 26.)

Broder is a licensed attorney in Michigan who has represented himself as being

counsel for Merchant Assure.   (Am. Compl. ¶ 6.)  In 2008, Broder sent a letter to

Tampone, informing Tampone that the dissolution of Merchant Assure was necessary due

2

to a "deadlock" or other dispute between Tampone and Richmond. (*Id*. ¶ 35.) Broder further informed Tampone that Richmond had taken control of Merchant Assure's funds. (*Id*. ¶ 37)

Plaintiffs allege that Richmond usurped Merchant Assure's assets, including its only client, for the Richmond entities. (*Id*. ¶ 42.) According to Plaintiffs, Richmond and/or Broder took possession and control of all funds belonging to Merchant Assure. (*Id*. ¶ 43.) Plaintiffs allege that Richmond and/or Broder have removed assets belonging to Merchant Assure and/or Tampone and that those assets are being used for the benefit and profit of Richmond to the exclusion of Tampone's interests. (*See, e.g., id*. ¶¶ 55, 71.)

In their Amended Complaint, Plaintiffs allege the following claims:

(I) Request for court-ordered dissolution, filed by Tampone against Richmond;

(II) Request for court-ordered accounting, recovery of assets, and appointment of receiver, filed by Tampone against all defendants;

(III) Breach of fiduciary duties owed to Merchant Assure, filed by Tampone against Richmond;

(IV) Breach of fiduciary duties owed to Tampone, filed by Tampone against Richmond;

(V) Breach of fiduciary duties owed to Merchant Assure, filed by Tampone against Broder;

(VI) Conversion of Merchant Assure's assets, filed by Tampone against Richmond;

(VII) Conversion of ICS's assets, filed by ICS against Richmond;

(VIII) Statutory conversion of Plaintiffs' assets, filed by Plaintiffs against

the Richmond entities;

(IX)    Misappropriation of ICS' trade secrets, filed by Plaintiffs against Richmond and the Richmond entities;

(X)     Fraudulent transfer of assets and property belonging to Plaintiffs or in which Plaintiffs had an interest, filed by Plaintiffs against Defendants;

(XI)    Unauthorized merger caused by Richmond's transfer of Merchant Assure's assets to the Richmond entities, filed by Tampone against Richmond and the Richmond entities;

(XII)   Breach of the limited liability company agreement, filed by Plaintiffs against Richmond;

(XIII)  Bank Fraud, filed by Tampone against Richmond;

(XIV)   Declaratory judgment prohibiting Richmond from taking certain actions with respect to Merchant Assure and declaring Tampone's and Merchant Assure's rights with respect to the assets of Merchant Assure and the handling of those assets, filed by Tampone against Richmond.

(Doc. 21.)  Richmond alleges seven counts against Tampone in his Counter-Complaint:

(I) declaratory action for a court ordered accounting; (II) misrepresentation/fraud; (III)

negligent representation; (IV) breach of fiduciary duty; (V) breach of contract; (VI) unjust

enrichment; and (VII) return of distributions pursuant to Delaware law.  (Doc. 24.)

On September 21, 2010, this Court entered a scheduling order in this case.

Pursuant to the scheduling order, discovery closed on February 28, 2011 and dispositive

motions had to be filed by March 15, 2011.  On February 9, 2011, Richmond filed a

motion to amend his Counter-Complaint to include additional allegations of wrongdoing

by Tampone in support of Richmond's breach of fiduciary duties claim.  (Doc. 35.)

4

Specifically, based on information concerning Tampone's non-payment of federal and state income taxes since 2005 that was conveyed during Tampone's January 24, 2011 deposition, Richmond sought to allege that Tampone additionally harmed Richmond and Merchant Assure as they now may be liable to the State of Michigan for Tampone's unpaid state income taxes, including penalties and interest.  (*Id*.)  This Court referred Richmond's motion for disposition to Magistrate Judge Virginia Morgan, who was the magistrate judge assigned to this matter at the time.[1]

On March 15, Broder, Richmond and the Richmond entities, and Plaintiffs filed separate motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. In his motion, Broder seeks summary judgment with respect to all of the claims against him in Plaintiffs' Amended Complaint.  (Doc. 49.)  Richmond and the Richmond entities seek summary judgment as to all counts against them in the Amended Complaint, except Counts I and II (respectively seeking dissolution of Merchant Assure and requesting a court-ordered accounting, recovery of assets, and appointment of a receiver).  (Doc. 50.) Finally, Plaintiffs move for summary judgment with respect to Counts III, IV, and V of Richmond's Counter-Complaint (alleging negligent misrepresentation, breach of fiduciary duty, and breach of contract, respectively).

On March 16, 2011, Magistrate Judge Morgan held a hearing with respect to Richmond's motion to amend his Counter-Complaint.  At the hearing, Magistrate Judge

---

[1]On March 25, 2011, this matter was reassigned from Magistrate Judge Morgan to Magistrate Judge Mona Majzoub pursuant to Administrative Order 11-AO-3.

Morgan expressed reluctance in allowing an amendment after discovery closed and dispositive motions had been filed; but she eventually decided to conditionally grant Richmond's motion.  In an order entered March 17, 2011, Magistrate Judge Morgan ordered that Richmond could file his amended counter-claim within seven days of this Court's decision on the dispositive motions.  (Doc. 55.)  Magistrate Judge Morgan further ruled that discovery would be reopened for sixty days in relation to the allegations Richmond sought to add to his amended counter-claim; however, she held that no discovery would be reopened as to Broder if the Court granted his pending motion for summary judgment which would dismiss him from the case.  (*Id*.)

In the meantime, on March 15, 2011, Plaintiffs filed the motion to amend their Amended Complaint which is currently before the Court.  (Doc. 53.)  In their motion, Plaintiffs seek to add a claim against Broder and Richmond alleging civil conspiracy and a claim against Broder for legal malpractice.  According to Plaintiffs, they obtained information at Broder's deposition on February 23, 2011, and Richmond's deposition on March 2 and 3, 2011, causing them to seek the current amendments.  Specifically, Plaintiffs claim that Broder and Richmond revealed that funds belonging to Merchant Assure were deposited into Broder's client trust account and then used to pay Richmond and Broder.

## III.    Applicable Law and Analysis

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires."  Nevertheless, the Sixth Circuit Court of

Appeals has identified several factors that may support the denial of a motion to amend: " 'Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment . . .' " *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (additional citations omitted)).  "[D]elay alone, regardless of its length is not enough to bar it [amendment] if the other party is not prejudiced." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (quotation marks and citations omitted).  However, when amendment is sought at a late stage in the litigation, there is an increased burden on the movant to show justification for the failure to move earlier.  *Id*. (citing *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962)).

This Court concludes for several reasons that Plaintiffs' motion to amend their complaint should be denied.  Contrary to Plaintiffs' claim, they were aware before Broder's and Richmond's depositions that Merchant Assure's monies were moved to an account of which Tampone did not have access and purportedly used to benefit Richmond and/or Broder.  In fact, Plaintiffs allege in their Amended Complaint, filed seven months before their pending motion, that Richmond closed Merchant Assure's account at Comerica Bank with Richmond and Broder taking possession and control of the funds. (Am Compl. ¶ 43; *see also, e.g., id.* ¶¶ 37, 55, 59, 71.)  In their breach of fiduciary duties claim against Broder, Plaintiffs allege that Broder breached his fiduciary duties to Merchant Assure and its members by *inter alia* "[w]rongfully and fraudulently removing

7

and/or obtaining assets rightfully belonging to Merchant Assure and its members; . . . facilitating the conversion by [Richmond] and/or [the Richmond entities] of the assets belonging to Merchant Assure and its members . . ." (*Id.* ¶ 91.)  Documents that Broder provided to Plaintiffs on January 18, 2011, informed Plaintiffs that some of Merchant Assure's monies were paid to Broder's law firm and Richmond.  (Broder's Resp. Exs. 1, 2.)

Thus Plaintiffs fail to show justification for their delay in seeking to add their civil conspiracy and legal malpractice claims.  "Courts are especially inclined to deny a motion brought under Rule 15 'if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them.'" *Block v. Sears Roebuck and Co.*, 07-15323, 2009 WL 36483, at *3 (E.D. Mich. Jan. 6, 2009) (quoting 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, and Richard L. Marcus, Federal Practice and Procedure § 1487 (2d ed. 1990)).

In addition, Plaintiffs did not move to amend their complaint until after the close of discovery and the filing of dispositive motions.  The Sixth Circuit has repeatedly found that allowing an amendment at such a point creates "significant prejudice" to the opposing party.  *See, e.g., Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006); *Duggins*, 195 F.3d at 834 (citing *Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986) ("At least one Sixth Circuit decision has held that allowing amendment after the close of discovery creates significant prejudice, and other Circuits agree.")

8

Notably, if the Court grants Broder's pending summary judgment motion, he will be dismissed from this case.  But if the Court grants Plaintiffs' request to amend their complaint, Broder will remain a defendant and he and the remaining defendants will likely have to engage in and bear the costs of further discovery and the preparation of additional dispositive motions.

While Magistrate Judge Morgan has conditionally granted Richmond leave to amend his counter-claim and reopened discovery for sixty days in response to the amendment following this Court's decision on the pending summary judgment motions, Richmond is not asserting a new claim against Tampone but is only adding factual allegations to support his existing breach of fiduciary duties claim.  Plaintiffs have moved for summary judgment with respect to that claim.  Thus if Plaintiffs' dispositive motion is granted, Richmond will not have a claim to amend and no further discovery will be necessary.  Moreover, Magistrate Judge Morgan has ruled that discovery will be limited to those parties remaining once the dispositive motions are decided.

In short, the Court finds that Plaintiffs' delay in requesting to amend their Amended Complaint is undue and that granting Plaintiffs leave to amend their complaint at this stage in the litigation would result in substantial prejudice to Defendants.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion to Amend their First Amended Complaint is **DENIED**.

s/PATRICK J. DUGGAN

9

UNITED STATES DISTRICT JUDGE

DATE:April 22, 2011

Copies to:
Robert Charles Davis, Esq.
Allen M. Wolf, Esq.
Theresa M. Asoklis, Esq.
Jason Conti, Esq.