**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DOMINIC TAMPONE, et al.,

   Plaintiffs/Counter-Defendants,    CIVIL ACTION NO. 10-CV-11776

     vs.                                DISTRICT JUDGE PATRICK J. DUGGAN

GREGORY RICHMOND,        MAGISTRATE JUDGE MONA K. MAJZOUB

   Defendant/Counter-Plaintiff,

and
ANDREW J. BRODER, et al.,

   Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF DOMINIC TAMPONE AND PLAINTIFF INTERNATIONAL COMMERCE SOLUTIONS, INC.'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT GREGORY RICHMOND AND DEFENDANT RGS LIMITED, LLC (DOCKET NO. 54)

      This matter comes before the Court on Plaintiff Dominic Tampone and Plaintiff International Commerce Solutions, Inc.'s Motion To Compel Discovery From Defendant Gregory Richmond And Defendant RGS Limited, LLC, filed on March 15, 2011. (Docket no. 54). Defendants (all except Andrew Broder) filed a Brief In Opposition on March 29, 2011. (Docket no. 58). Plaintiffs filed a Reply Brief on April 8, 2011. (Docket no. 68). The parties filed a Joint Statement of Resolved and Unresolved Issues on April 12, 2011. (Docket no. 69). This matter was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 59). The Court heard oral argument on this matter on April 19, 2011. The matter is ready for ruling.

-1-

Plaintiff served discovery on January 28, 2011. Defendant served responses on February 28, 2011. According to the parties' Joint Statement, Interrogatory Nos. 13-16 and Requests to Produce Nos. 12, 15, 17, 22-24 and 26 remain at issue. Also remaining are issues related to the Depositions of Lorelei Tadajewski and the named defendants. (Docket no. 69).

Plaintiff argues that the discovery requests at issue are relevant to their damages, their claims including the breach of fiduciary duty claims and their allegations that Defendants wrongfully took assets of Merchant Assure, including customers, prospective customers, contacts, insurers, insurance products including policy provisions, and proprietary information, and that an unauthorized merger occurred between Merchant Assure and RGS Limited, LLC and the additional Defendant LLCs. (E.g., docket nos. 21, 54-2 ¶¶ 55-56, 63, 65). Plaintiffs also allege that profits derived by RGS Limited, LLC, from the use of the assets is relevant to the extent of Defendants' unjust enrichment and Plaintiffs' damages.

Defendants attempt to limit the relevance of the information sought to only one customer of Merchant Assure, Merrick Bank, Merrick's insurance policy, and the software. The Federal Rules of Civil Procedure permit liberal discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The Court has considered Defendants' argument yet finds that Plaintiffs's claims are broader than what is alleged by Defendants. The Court also notes that Defendant Richmond stated at the hearing that Defendant RGS Limited, LLC (Defendant RGS) was formed in January 2007.

Defendant RGS was formed after the formation of Merchant Assure in 2005. The letter from Defendant Broder notifying of the necessity of dissolving Merchant Assured was sent approximately eighteen months after Defendant RGS was formed. Plaintiff's discovery requests are necessarily limited to the period of time in which Defendant RGS has been in existence. The Court finds that Plaintiff's discovery requests are relevant and the time period in which Defendant RGS was in existence through the present is limited in scope and relevant to Plaintiff's claims. Fed. R. Civ. P. 26(b)(1). The Court will order Defendant RGS to produce full and complete answers to Interrogatory Nos. 13-16. For the same reasons, the Court finds that Requests to Produce Nos. 12, 17, 22 and 26 are relevant.

Plaintiffs argued that Requests to Produce Nos. 15, 23 and 24, which request financial statements, financial documents and company books, records and resolutions, respectively, are also relevant to Plaintiff's damages and being able track proceeds from specific policies, clients and time frames. The Court agrees that the requests are relevant and will order production with one exception. Request to Produce No. 23 is overly broad in asking for "[c]opies of all financial documents and records" and will be limited to the following records identified in the request: Banking records and transactions, invoices (to Defendant RGS's customers/clients) and tax returns.

Despite Defendants' argument to the contrary, the tax and financial information is not privileged. This district has recognized that "although not absolutely privileged, tax returns are considered confidential and are protected from routine disclosure. *Chiaverini, Inc. v. Frenchie's Fine Jewelry, Coins & Stamps, Inc.*, 2007 WL 1344183 at \*4 (E.D. Mich. May 4, 2007). Courts in this circuit have allowed production of similar financial information of businesses pursuant to a protective order upon a showing of little or no prejudice. *See FFDI v. JAG Graphics Ltd.*, 2008 WL 2078065 (S.D. Ohio May 13, 2008) (ordering "all of JAG's financial books and records" under a

protective order). Rule 26(c)(1)(G), Fed. R. Civ. P., provides that the Court may grant a protective order for good cause shown to protect a party or person from annoyance or undue burden including requiring that "confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

To the extent Defendants argue that customer lists and other information sought are confidential and proprietary, Defendants have failed to allege any specific harm associated with the production of this information. Due to the nature of the information, the Court will, however, allow Defendants to produce the information and documents pursuant to a protective order. The Court will order the parties to submit a stipulated protective order. If they are unable to agree, they may each submit a proposed protective order from which the Court will select and enter one.

Plaintiff argues that at non-party Lorelei Tadajewski's deposition, Defendants' counsel refused to allow her to answer the following questions:

1. Questions about whether Defendant Richmond had instructed her to answer questions in any specified way; and

2. Questions about how much she was being paid by Defendant RGS after she admitted that she was receiving money from RGS.

Plaintiff also argues that at Ms. Tadajewski's and Robert Halsey's depositions Defendants' counsel objected to each deponent answering questions about the identities of clients and products of Defendant RGS and that Mr. Richmond refused to answer questions about money paid to Ms. Tadajewski. (Docket no. 54-8).

With respect to Plaintiff's questioning about whether Defendant Richmond had instructed Ms. Tadajewski to answer in a specified way, Plaintiffs argue that Ms. Tadajewski is a witness and the attorney-client privilege does not apply. Defendants allege that Ms. Tadajewski is a "former

-4-

owner of RGS" and former minority shareholder in RGS Limited, LLC, and argue that the attorney-client privilege applies because Defendants Richmond and RGS's attorney also represents Tadajewski. (Docket no. 58). Defendants argue that they only object to the disclosure of "conversations which took place in the presence of her attorney at a private meeting regarding this lawsuit (and not conversations which took place just between Richmond and Tadajewski without their attorney, as Plaintiff's now erroneously claim in their motion to compel.)" (Docket no. 58 p. 12 of 15). The deposition transcript shows that Defendants' counsel stated "Well, I'm going to object to the extent that that calls for you to talk about conversations that were had where I was present as your attorney, and instruct you not to answer because those are considered attorney/client privilege."

Michigan law applies in this diversity jurisdiction case. Under Michigan law, the attorney-client privilege attaches to communications between a client and the client's attorney as well as through their respective agents, and attaches "only to confidential communications by the client to his advisor that are made for the purpose of obtaining legal advice. Where an attorney's client is an organization, the privilege extends to those communications between attorneys and all agents or employees of the organization authorized to speak on its behalf in relation to the subject matter of the communication." *Leibel v. General Motors Corp.*, 646 N.W.2d 179, 183 (Mich. Ct. App. 2002). "The privilege also generally protects communications from an attorney to a client, including the attorney's opinions, conclusions, and recommendations based upon the facts furnished by the client." *Wrench LLC v. Taco Bell Corp.*, 212 F.R.D. 514, 516 (W.D. Mich. 2002). "The privilege is narrow." *Id.*

After considering information presented in the briefs and at the hearing, Defendants' have failed to show any of the requisite elements to establish application of the attorney-client privilege. There is no evidence that non-party Ms. Tadajewski is (or ever was) an "agent or employee . . .

authorized to act or speak for the organization in relation to the subject matter of the communication." *Id.* Her standing with the company remains unclear. Allegations that she is a former minority shareholder or partial owner are unaccompanied by any scope, such as the dates when she was an owner. The deposition transcript shows that Ms. Tadajewski testified that she receives stock redemption payments from Defendant RGS Limited, but she did not purchase stock in RGS and she was never employed by RGS but "had shares of 3 percent at one time," and does not remember when those stocks were issued to her or whether she was an original shareholder of RGS. Docket no. 54-6, Tadajewski Dep. Feb. 28, 2011, p. 139-40). Ms. Tadajewski testified that she receives a percentage of profits from RGS and has since 2008. (Docket no. 54-6 pp. 140-41). Furthermore, the communication itself remains unclear. There is no allegation that Plaintiffs seek to know the content of a communication directed to or originating from Defendants' attorney and that such communication was made for the purposes of obtaining legal advice.

Defendants have simply failed to show how non-party Tadajewski's inquiry of Defendant Richmond (or her testimony as to Defendant Richmond's response) implicates the attorney-client privilege, even assuming Defendant's counsel, and purportedly Ms. Tadajewski's counsel, was in the room at the time of inquiry[1]. The Court will order Ms. Tadajewski to answer the question.

With respect to the payments from RGS to Tadajewski, Plaintiffs argue the information is relevant to witness bias and credibility. In this instance, the Court agrees. As set forth above, this is not an issue of salary and the information is not privileged. Plaintiff correctly points out that Tadajewski is a non-party witness who is or was receiving payments from Defendant RGS, the circumstances of which remain unclear. The Court will order Ms. Tadajewski to answer Plaintiffs'

---

[1] The deposition transcript also shows that Defendants' attorney instructed Ms. Tadajewski not to answer the question about whether she had formally retained him as counsel, stating that he had "already represented that I'm here on her behalf as her attorney." (Docket no. 54-6 pp. 138-39).

questions about payment including specific amounts of any and all payments received from Defendant RGS.

With respect to clients and products of RGS, as set forth above, this information is relevant and should be answered and provided pursuant to a protective order. Fed. R. Civ. P. 26(b)(1).

This Court's Order assumes that follow-up questions at the depositions will flow from the responses ordered herein and the parties are bound by Fed. R. Civ. P. 30(c), specifically "[a]n objection at the time of the examination . . . must be noted on the record, *but the examination proceeds; the testimony is taken subject to any objection.* An objection must be stated *concisely in a nonargumentative and nonsuggestive manner.* A person may instruct a deponent not to answer *only* when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2) (emphasis added).

**IT IS THEREFORE ORDERED** that Plaintiff Dominic Tampone and Plaintiff International Commerce Solutions, Inc.'s Motion To Compel Discovery From Defendant Gregory Richmond and Defendant RGS Limited, LLC (docket no. 54) is GRANTED in part and DENIED in part as follows and Plaintiff will serve amended responses and answers within thirty (30) days of entry of this Order:

1. Answer Interrogatory Nos. 13-16 in full;
2. Respond in full and produce all responsive documents to Requests to Produce Nos. 12, 15, 17, 22, 24 and 26 ; and
3. Respond to Request to Produce No. 23 and produce the following records identified in the request: Banking records and transactions, invoices (to Defendant RGS's customers/clients) and tax returns.

**IT IS FURTHER ORDERED** that the parties will submit a stipulated protective order within seven days of entry this Order.  If they are unable to agree, they will each submit within ten days of entry of this Order, a proposed protective order from which the Court will select and enter one.

**IT IS FURTHER ORDERED** that Ms. Tadajewski's deposition will be continued within 21 days of entry of this order for not to exceed two hours to answer questions about payments she receives and has received from Defendant RGS Limited, LLC, including the amount of payments and any other compensation received from Defendant, the identity of clients and products of Defendant RGS Limited, LLC, and questions regarding communications between Defendant Richmond and Ms. Tadajewski including whether Defendant Richmond told her "to answer any questions in a specific way."

**IT IS FURTHER ORDERED** that Mr. Halsey's deposition will be continued within 21 days of entry of this order for not to exceed two hours to answer questions about the identity of clients and products of Defendant RGS Limited, LLC, and Defendant Richmond's deposition will be continued within 21 days of entry of this order for not to exceed two hours to answer questions about money paid or being paid to Ms. Tadajewski by Defendant RGS Limited, LLC.

**IT IS FURTHER ORDERED** that the parties' requests for attorneys fees and costs is DENIED.  Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 19, 2011     s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

     I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 22, 2011     s/ Mona K. Majzoub
Case Manager