UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIC TAMPONE and
INTERNATIONAL COMMERCE
SOLUTIONS, INC.,

        Plaintiffs,

v.

GREGORY RICHMOND, ANDREW J.
BRODER, MERCHANT ASSURE SPECIALTY
PRODUCTS, LLC, RGS CONSULTING LLC,
f/k/A MERCHANT ASSURE INSURANCE
AGENCY, LLC, ROYAL GROUP SERVICES,
LLC., and RGS LIMITED LLC, d/b/a ROYAL
GROUP SERVICES, LTD.,

        Defendants.
_____/

Case No. 10-11776
Honorable Patrick J. Duggan

**OPINION AND ORDER DENYING (1) PLAINTIFFS' MOTION TO AMEND COURT'S OPINION AND ORDER DATED JANUARY 9, 2013 TO ALLOW FOR AN IMMEDIATE APPEAL AND (2) PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs initiated this action against Defendants on April 30, 2010, asserting numerous claims related to a limited liability company, Merchant Assure LLC ("Merchant Assure"). On August 17, 2010, Plaintiffs filed an amended complaint in which they alleged fourteen counts against Defendant Gregory Richmond ("Richmond"), Defendant Andrew J. Broder ("Broder"), and/or entities associated with Richmond ("Richmond entities"). Richmond filed a counter-complaint against Plaintiffs on August 31, 2010. Thereafter, the parties filed cross-motions for summary judgment with respect

to Plaintiffs' claims against Broder (Counts V and X) and/or some of Plaintiffs' claims against Richmond and the Richmond entities (collectively "Richmond Defendants") (Counts III-V and VI-XIV). The motions were briefed and argued ad nauseam, with the parties filing response, reply, and several supplemental briefs and the Court hearing oral argument on two occasions.

On January 9, 2013, this Court issued an opinion and order granting summary judgment in favor of Broder with respect to Plaintiffs' claims against him and granting summary judgment in favor of the Richmond Defendants with respect to Counts III, IV, VI-XIV. As a result of that decision, two claims now remain pending from Plaintiffs' amended complaint: (I) request for a court-ordered dissolution pursuant to 6 Delaware Code Annotated § 18-802 and (II) request for a court-ordered accounting, recovery of assets, and appointment of receiver.

On January 22, 2013, Plaintiffs filed a "Motion to Amend this Court's Opinion and Order Dated January 9, 2013 to Allow for an Immediate Appeal." (ECF No. 106.) Despite its title, in this motion Plaintiffs simply are asking the Court to certify its decision for immediate, interlocutory appeal pursuant to 28 U.S.C. § 1292. On January 23, 2013, Plaintiffs also filed a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h). (ECF No. 107.)

**Plaintiffs' Motion for Reconsideration**

Pursuant to Local Rule 7.1, motions for reconsideration should be granted only if the movant demonstrates that the Court and the parties have been misled by a palpable

2

defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h)(3). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*. A "palpable defect" is a defect which is "obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). Motions for reconsideration that " 'merely present the same issues ruled upon by the court, either expressly or by reasonable implication', shall not be granted." *Id*. (quoting E.D. Mich. LR 7.1(h)(3)).

In support of their motion for reconsideration, Plaintiffs first argue that this Court committed a palpable error when it concluded that Broder did not breach his fiduciary duties to Tampone and/or International Commerce Solutions, Inc. Specifically, Plaintiffs focus on this Court's finding that, if a fiduciary relationship arose between Broder and Tampone, Broder did not breach his fiduciary duties.

Plaintiffs' arguments in their motion for reconsideration concerning their breach of fiduciary duty claims against Broder are nothing more than restatements of the same arguments they made again and again in support of their motion for partial summary judgment and in response to Defendants' motions. Plaintiffs continue to try and convince the Court that the present matter is controlled by the Michigan Court of Appeals' decision in *Fassihi v. Sommers, Schwartz, Silver, Schwartz & Tyler, P.C.*, 107 Mich. App. 509, 309 N.W.2d 645 (1981). The Court has made clear why it finds the present matter distinguishable from *Fassihi* (*see* ECF No. 103 at 16-17), and finds it unnecessary to state

3

its reasons again here. In its January 9 decision, the Court also explained clearly and thoroughly why, if a fiduciary relationship arose between Broder and Tampone, it does not conclude that Broder breached any duty arising under that relationship. (*Id.* at 15-16, 18.)

Next, Plaintiffs argue that the Court committed a palpable error when it found that Richmond did not breach his fiduciary duties to Tampone when RGS Consulting, LLC ("RGS") obtained Merrick Bank's business and when Richmond moved Merchant Assure's funds to Broder's client trust account. Again, Plaintiffs seek merely to relitigate the same issues that were already presented to and decided by the Court. With respect to Plaintiffs' argument that there is an issue of fact as to why Merrick Bank moved its business to RGS, even if Plaintiffs' are correct, it does impact the Court's finding that Richmond did not breach his fiduciary duties to Plaintiffs by engaging in competing conduct.

Finally, Plaintiffs argue that the Court erred in its accounting of the funds remaining in Merchant Assure's account after Richmond moved the funds beyond Tampone's reach. Plaintiffs specifically focus on the Court's subtraction of Merchant Assure's potential liability for Tampone's unpaid taxes. Despite multiple opportunities to do so, however, Plaintiffs previously never offered evidence to show that Tampone does not owe federal or state taxes. In fact, they never challenged the Richmond Defendants' assertion that Tampone failed to pay certain state and federal taxes. Motions for reconsideration are not vehicles to offer new arguments or evidence that the movant could

4

have presented earlier. *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). In any event, at his deposition in this case, Tampone admitted that he has filed no tax returns since 2006. (*See* ECF No. 50 Ex. M at 426.) He then invoked his Fifth Amendment rights in response to further questions concerning his federal and state taxes. (*Id.* at 426-36.) Further, the evidence Plaintiffs submit in support of their motion for reconsideration only relates to Tampone's *federal* tax liability. The figure the Court used in its calculations represented Tampone's *state* tax liability. Plaintiffs otherwise fail to identify any palpable defect in the Court's calculations in their motion for reconsideration.

In short, Plaintiffs fail to demonstrate a palpable defect in this Court's January 9, 2013 decision, much less one that when corrected leads to a different disposition of the claims disposed of in that decision. The Court therefore is denying Plaintiffs' motion for reconsideration.

## Plaintiffs' Motion for Interlocutory Appeal

A district court has the discretion to grant permission to a party to appeal a non-final order if: (1) the challenged directive "involves a controlling question of law"; (2) a "substantial ground for difference of opinion" exists regarding the correctness of the decision; and, (3) an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Sixth Circuit Court of Appeals has advised that interlocutory review should be "granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

A decision "involves a controlling question of law" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Baker & Getty Fin. Services, Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). Sixth Circuit law establishes that " 'substantial grounds for difference of opinion' exist only when there is conflicting authority on an issue." *Serrano v. Cintas Corp.*, Nos. 04-40132, 06-12311, 2010 WL 940164, at *3 (E.D. Mich. Mar. 10, 2010) (citing *In re City of Memphis*, 293 F.3d at 350–51). District courts in this Circuit have held that this occurs where: (1) an issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit concerning the issue; or, (3) the circuits are split on the issue. *Id.* (citing *Gaylord Entm't. Co. v. Gilmore Entm't. Grp.*, 187 F. Supp. 2d 926, 956 (M.D. Tenn.2001)).

Plaintiffs seeks an interlocutory appeal only with respect to the Court's conclusion that Broder did not violate his fiduciary duties to them. The Court does not believe that this issue involves a controlling question of law or is one that, if resolved, could materially advance the ultimate termination of the litigation. The Court's January 9, 2013 decision disposed of Plaintiffs' claims against Broder entirely. The matters left to litigate in the district court have nothing to do with Broder; instead, they involve only the business and relationship between Tampone and Richmond. Moreover, Plaintiffs do not demonstrate a substantial ground for a difference of opinion with respect to this issue.

Neither difficult issues nor issues of first impression are presented with respect to whether a fiduciary relationship arose between Broder and Tampone and, if it did,

6

whether Broder breached his fiduciary duties. Plaintiffs do not show that there is a split of authority among circuits, within this circuit, or even among the Michigan courts relevant to these determinations. The only difference of opinion reflected in Plaintiffs' motion is that between themselves and this Court as to whether *Fassihi* confirms Broder's liability. Such does not make this is the "exceptional" case where interlocutory review is warranted.

For these reasons, this Court is not of the opinion that its decision dismissing Plaintiffs' claims against Broder "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Reconsideration (ECF No. 107) is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion to Amend this Court's Opinion and Order Dated January 9, 2013 to Allow for Immediate Appeal (ECF No. 106) is **DENIED**.

Date: March 6, 2013                     s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Robert C. Davis, Esq.
Allen M. Wolf, Esq.
Jason S. Conti, Esq.
Theresa M. Asoklis, Esq.